**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 03:24 PM April 10, 2019**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JAMES MICHEAL MORSE, | ) | CASE NO. 18-60409 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Attorney Rebecca K. Hockenberry ("Counsel") filed a fee application for $2,025.00. This amount is the total fees requested, $2,625.00, less the prepetition retainer of $600.00. She filed a supplemental statement that states she received $1,425.00 from the chapter 13 trustee in December 2018. Consequently, the amount remaining to be paid from the request in the application is $600.00. No objections were filed.

The court has jurisdiction of this case and matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157 and has authority to issue final orders. Venue in this district is appropriate under 11 U.S.C. § 1409. The following constitutes the court's finding of fact and conclusions of law under Federal Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## BACKGROUND

Debtor filed a chapter 13 case on March 6, 2018. Counsel's Disclosure of Compensation indicates she charged Debtor $2,625.00 and received a $600.00 retainer. Debtor is a below median debtor. His plan, which was not confirmed, proposed to cram down one vehicle, pay another in full, and pay unsecured creditors approximately three percent (3%). At the time of filing, Administrative Order 17-7 governed no-look attorney fees in chapter 13 cases.

Two creditors and the chapter 13 trustee filed objections to confirmation. One creditor objection was resolved by agreed order. Following denial of confirmation, Debtor converted the case to chapter 7.

## DISCUSSION

The court recently opined on chapter 13 fees. In re Anthony, Case No. 17-62120 (Bankr. N.D. Ohio 2019). That opinion is incorporated by reference and the court will not restate the law or policy considerations discussed therein.

Counsel requests fees in the amount she would have received if this plan had completed. The problem is that the plan not only did not complete but failed prior to confirmation.

This court employs no look fees for consumer bankruptcy cases. All fees are subject to adjustment when the facts warrant. This is not such a case.

Under Administrative Order 17-7, Counsel was entitled to a no-look fee of $2,425.00. This is a base fee of $1,825.00 and, if the plan completed, a $600.00 case termination fee. Her requested fees exceed the no-look fee by $200.00. She received a $600.00 retainer, plus $1,425.00 in fees from the chapter 13 trustee, for a total payment of $2,025.00. This is more than the base fee and includes part of the case termination fee. Comparatively, the no-look chapter 7 fee for this case is $1,400.00. (Ch. 7 Presumptive Fee Maximum Memo. dated Dec. 22, 2015).[1]

The court finds that Counsel has been adequately compensated for her services. She received more than the base chapter 13 fee and more than the presumptive chapter 7 fee. She has exceeded the customary fees. This is more than fair based on the facts of this case.

The case was straightforward. Debtor did not have real estate and no unusual property. The only unusual item was the need to transfer title of a vehicle from a defunct limited liability

---

[1] https://www.ohnb.uscourts.gov/sites/default/files/memoranda/memo-re-new-chapter-7-presumptive-fee-staring-1.1.16.pdf

company that Debtor operated into Debtor's name individually. He had only two secured debts and no priority debt. Although he had over $100,000 in unsecured debt, the payment to unsecured creditors was nominal. There was nothing in this case that required an unusual outlay of time, knowledge or skill. It would not have prevented Counsel from accepting other cases. The amount sought is not commensurate with the results obtained. The chapter 13 case did not complete, lasting less than one year than the five years projected. These factors convince the court that what Counsel received was reasonable, if not generous.

## CONCLUSION

Ms. Hockenberry is entitled to reasonable compensation for her services. She received $2,025.00, a more than adequate amount for this case. The court will not award the additional $600.00 requested.

An order will be issued immediately.

# # #

**Service List:**

Rebecca K. Hockenberry
Thompson & Hockenberry Co LPA
371 Lexington Avenue
Mansfield, OH 44907

James Micheal Morse
854 West Third Street
PO Box 2813
Mansfield, OH 44906

Anthony J. DeGirolamo
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718